LAW OFFICES OF JONG YUN KIM
JONG YUN KIM, ESQ., SBN 272176
3600 WILSHIRE BLVD., SUITE 2226
LOS ANGELES, CA 90010
TEL (213) 351-9400
FAX (213) 736-6514
JONGKIMLAW@HOTMAIL.COM

ATTORNEYS FOR PLAINTIFF

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **Young Hee Park**, | CASE NO. |
| Plaintiff, | |
| vs. | Complaint for Damages and Injunctive Relief for Violations Of: American's With Disabilities Act; Unruh Civil Rights Act |
| **3705 Firestone Blvd, LLC,** a California limited liability company; **Fast Auto Loans, Inc.,** a California corporation; and DOES 1-10 inclusive, | |
| Defendants. | |

Plaintiff Young Hee Park complains of Defendants 3705 Firestone Blvd, LLC, a California limited liability company; Fast Auto Loans, Inc., a California corporation; and DOES 1-10 ('Defendants') and alleges as follows:

**PARTIES:**

1.     Plaintiff is a California resident with physical disabilities.  She is substantially limited in her ability to walk. She is a paraplegic who uses a walker and/or

cane for mobility.

2.     Defendants are, or were at the time of the incidents, the real property owner(s), business operator(s), lessor(s) and/or lessee(s) of Fast Auto and Payday Loans ("LOANS") located at or about 3705 Firestone Boulevard, South Gate, South Gate, California.

3.     Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibilities in causing the access violations herein complained of, and alleges a joint venture and common enterprise by all such Defendants. Plaintiff is informed and believes that Defendants herein, including Does 1 through 10, inclusive, are responsible in some capacity for the events herein alleged, or is a necessary party for obtaining appropriate relief. Plaintiff will seek leave to amend when the true names, capacities, connections, and responsibilities of Defendants and Does 1 through 10, inclusive, are ascertained.

**JURISIDICTION & VENUE:**

4.     This court has subject matter jurisdiction over this action pursuant to 28 U.S.C § 1331 and § 1343 (a)(3) & (a)(4) for violations of the American with Disabilities Act of 1990, 42 U.S.C. § 12101, et seq.

5.     Pursuant to supplemental jurisdiction, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California's Unruh Civil Rights Act, which act expressly incorporates the Americans with Disabilities Act.

6.     Venue is proper in this court pursuant to 28 U.S.C § 1391 (b) and is founded on the fact that the real property which is the subject of this action is located in this district and that Plaintiff's cause of action arose in this district.

**FACTUAL ALLEGATIONS:**

7.     Plaintiff went to LOANS in May 2019 to patronize its business.

8.     LOANS is a facility open to the public, a place of public accommodation, and a business establishment.

9.     Parking spaces are one of the facilities, privileges and advantages offered by Defendants to their customers at LOANS.

10.     Unfortunately, there is no single ADA compliant accessible parking space available for persons with disabilities.

11.     The parking spaces lacked "*Van Accessible*" and "*Minimum Fine $250*" signs which should have been mounted along with the pole-mounted signage at least five feet (60 in.) above the ground.

12.     The parking lot itself is also devoid of the signage "*Unauthorized vehicles parking in designated accessible spaces not displaying distinguishing placards issued for persons with disabilities will be towed away at the owner's expense. Towed vehicles may be reclaimed at [insert address] or by telephoning [insert telephone number]*" which should place been placed at the entrance of the parking lot on a 24 in. x 24 in. reflective sheeting aluminum.

13.     There are no markings with words, "NO PARKING", (in white letters a minimum of 12 inches in height) within the access aisle (commonly known as the "loading/unloading zone" with hashed lines). In fact, the premise does not seem to have an access aisle.

14.     Defendants have no procedure or policy in place to maintain the parking spaces reserved for persons with disabilities. As such, accessible parking spaces are no longer available for persons with disabilities who want to patronize LOANS.

15.     Plaintiff personally encountered this problem. This inaccessible parking lot denied Plaintiff full and equal access and caused her difficulty and frustration.

16.     Plaintiff would like to return and patronize LOANS but will be deterred from visiting until Defendants cure the violation.

17.     Plaintiff would like to return, and she intends to return once the violations

1

are fixed.

2

18.    Defendants have failed to maintain in working and useable conditions

3

those features required to provide ready access to persons with disabilities.

4

19.    Given the obvious and blatant violation, the plaintiff alleges, on

5

information and belief, that there are other violations, and barriers on the site that relate

6

to her disability.  Plaintiff will amend the complaint, to provide proper notice regarding

7

the scope of this lawsuit, once she conducts a site inspection.  However, please be on

8

notice that the plaintiff seeks to have all barriers related to her disability remedied. See

9

*Doran v. 7-11*, 524 F.3d 1034 (9th Cir. 2008) (holding that once a Plaintiff encounters

10

one barrier at a site, she can sue to have all barriers that relate to her disability removed

11

regardless of whether she personally encountered them).

12

20.    Additionally, on information and belief, Plaintiff alleges that the failure to

13

remove these barriers was intentional because: (1) these particular barriers are intuitive

14

and obvious; (2) Defendants exercised control and dominion over the conditions at this

15

location and, therefore, the lack of accessible facilities was not an "accident" because

16

had Defendants intended any other configuration, they had the means and ability to

17

make the change.

18

19

**I. FIRST CAUSE OF ACTION: VIOLATION OF THE AMERICAN WITH**

20

**DISABILITES ACT OF 1990** (On behalf of plaintiffs and against all Defendant (42

21

U.S.C. section 12101, et seq.)

22

21.    Plaintiff re-pleads and incorporates by reference, as if fully set forth again

23

herein, the allegations contained in all prior paragraphs of this complaint.

24

22.    Under the ADA, it is an act of discrimination to fail to ensure that the

25

privileges, advantages, accommodations, facilities, goods and services of any place of

26

public accommodation is offered on a full and equal basis by anyone who owns, leases,

27

or operates a place of public accommodation. See 42 U.S.C. § 12182 (a).

28

"Discrimination" is defined, inter alia, as follows:

4

a. A failure to make reasonable modification are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the accommodation would work a fundamental alteration of those services and facilities. 42 U.S.C. § 12182 (b)(2)(A)(ii).

b. A failure to remove architectural barriers where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). Barriers are defined by reference to the ADAAG, found at 28 C.F.R., Part 36, Appendix "D."

c. A failure to make alterations in such a manner that, to the maximum extent feasible, the altered portions of the facility are readily accessible to and usable by individuals with disabilities, including individuals who use wheelchairs or to ensure that, to the maximum extent feasible, the path of travel to the altered area and the bathrooms, telephones, and drinking fountains serving the altered area are readily accessible to and usable by individuals with disabilities. 42 U.S.C § 12183(a)(2).

23.     Pursuant to 28 C.F.R., Part 36, Appendix D (herein after "1991 Standards"), section 4.1.2, and 36 C.F.R., Part 1191, Appendix B (herein after "2010 standards"), Section 208.2, if a business provides between 1 and 25 parking spaces, they must provide at lease one handicap parking space that is van accessible (having an eight foot access aisle).

24.     Here, Defendants did not provide a single ADA compliant, useable accessible parking space in its parking lot.

25.     A public accommodation must maintain in operable working condition those features of its facilities and equipment that are required to be readily accessible to and usable by persons with disabilities. 28 C.F.R. § 36.211(a).

26.     Here, the failure to ensure that the accessible facilities were available and ready to be used by the plaintiff is a violation of the law.

27.     Given its location and options, LOANS is a business that the plaintiff will continue to desire to patronize but he has been and will continue to be discriminated

against due to the lack of accessible facilities and, therefore, seeks injunctive relief to remove the barriers.

## II. SECOND CAUSE OF ACTION: VIOLATION OF THE UNRUH CIVIL RIGHTS ACT (On behalf of plaintiff and against all Defendant) (Cal Civ § 51-53)

28.     Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in all prior paragraphs of this complaint.

29.     Because Defendants violated Plaintiff's rights under the ADA, they also violated the Unruh Civil Rights Act and are liable for damages. (Civ. Code § 51(f), 52(a).)

30.     Because the violation of the Unruh Civil Rights Act resulted in difficulty, discomfort or embarrassment for Plaintiffs, Defendants are also each responsible for statutory damages, i.e., a civil penalty. (Civ. Code § 55.56(a)-(c).)

**PRAYER:**

Wherefore, Plaintiff prays that this court award damages and provide relief as follows:

1.     For injunctive relief, compelling Defendants to comply with the Americans with Disabilities Act and the Unruh Civil Rights Act. Note: Plaintiff is not invoking section 55 of the California Civil Code and is not seeking injunctive relief under the Disabled Persons Act at all.

2.     Damages under the Unruh Civil Rights Act which damages provide for actual damages and a statutory minimum of $4,000.

3.     Reasonable attorney fees, litigation expenses and costs of suit, pursuant to 42 U.S.C. §12205; Cal. Civ. Code §52

//

//

//

6

Dated: December 31, 2019          LAW OFFICES OF JONG YUN KIM

                                  BY:/s/ Jong Yun Kim

                                  Jong Yun Kim, Esq.

                                  Attorneys for Plaintiff

7